UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE E. WONN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:15-cv-05358-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge. *See Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court reverses defendant's denial of plaintiff's application and remands this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 15, 2010, plaintiff filed an application for disability insurance benefits, alleging disability as of January 1, 2009. Dkt. 7, Administrative Record (AR) 25. That application was denied upon initial administrative review on October 5, 2010, and on reconsideration on January 25, 2011. *Id.* On November 23, 2011, plaintiff, unrepresented by counsel, appeared at a hearing held before an administrative law judge (ALJ) and testified. AR 49-103. Also at the hearing, the alleged onset date of disability was amended to January 1, 2008. AR 61.

ORDER - 1

In a decision dated May 20, 2013, the ALJ determined plaintiff to be not disabled. AR 25-36. On October 14, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 5; 20 C.F.R. § 404.981. On May 28, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 1. The administrative record was filed with the Court on October 26, 2015. Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in concluding plaintiff's alcohol use is a factor material to her disability; (2) in evaluating the medical evidence in the record; (3) in discounting plaintiff's credibility; (4) in rejecting the lay witness evidence in the record; (5) in assessing plaintiff's residual functional capacity (RFC); and (6) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court agrees the ALJ erred in concluding plaintiff's alcohol use is a factor material to her disability, and thus in determining her to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d

ORDER - 2

1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

sequential evaluation process ends. *Id.* A claimant may not be found disabled if drug addiction and alcoholism (DAA) would be "a contributing factor material to the Commissioner's determination" that the claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 416.935(a)). To determine whether DAA is a materially contributing factor, the ALJ first must conduct the five-step disability evaluation process "without separating out the impact of alcoholism or drug addiction." *Id.* at 955; *see also* Social Security Ruling (SSR) 13-2P, 2013 WL 621536, at *6 (requiring that "the appropriate sequential evaluation process" be applied "to determine whether the claimant is disabled considering all of his or her impairments, including DAA").

If the claimant is found to be not disabled, he or she "is not entitled to benefits." *Id.* If the claimant is found to be disabled "and there is 'medical evidence of [his or her] drug addiction or alcoholism,'" the ALJ then proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" *Id.* (citing 20 C.F.R. § 416.935). Thus, if a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled." *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

Here, the ALJ found plaintiff's alcohol use to be "material to the finding of disability," and further found plaintiff to be disabled based on all of her impairments including such use. AR 28, 30. In so finding, the ALJ gave "great weight" to the opinion of Paula Hughson, M.D., who the ALJ stated opined that plaintiff's alcohol use "was a material factor in her disability." AR 30. Plaintiff argues, and the Court agrees, that this is an inaccurate characterization of Dr. Hughson's opinion. After evaluating plaintiff, Dr. Hughson diagnosed her with both alcohol dependence and

ORDER - 4

a recurrent major depressive disorder, as well as chronic alcoholism. AR 333-34. Dr. Hughson went on to opine:

> . . . [Plaintiff] presents with multiple problems around a longstanding history of severe alcoholism. Her functioning has been also very negatively affected in recent years by serious life stressors such as having to assume responsibility for her elderly parents, and worsening of her physical condition, especially chronic back pain. The recent diagnosis of hepatitis has added greatly to her depression and sense of hopelessness.
>
> . . . She is a candidate for inpatient detoxification and at least four weeks of intensive inpatient treatment. More extended rehabilitation, such as in a half way house situation would be ideal. It is unlikely however that she would agree to such measures, given the responsibility she feels toward her family. Long term prognosis is guarded, given the severity and complexity of her problems. . . .

AR 334. Dr. Hughson also answered "Yes" to the question whether she would expect plaintiff's "ability to work to be improved significantly if the substance abuse stopped." AR 335.

Defendant argues Dr. Hughson's findings support the ALJ's determination that plaintiff's alcohol use "was material and that without alcohol, she could perform light, simple work." Dkt. 19, p. 3. But as plaintiff points out, while Dr. Hughson did opine that her ability work would be "improved significantly" if the substance abuse stopped, she did not indicate how much plaintiff would improve in this regard. AR 335. Although the Court disagrees with plaintiff that Dr. Hughson would have had to predict that her depressive disorder would be completely resolved in order for the alcohol use to be material, at the very least Dr. Hughson would have had to indicate that the major depressive disorder "would improve *to the point of nondisability* in the absence of DAA." SSR 13-2p, 13 WL 621536, at *9 ("We will find that DAA is not material . . . to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA.") (emphasis added).

ORDER - 5

It is far from clear, however, whether Dr. Hughson believed plaintiff would be improved to that extent. For example, as noted above Dr. Hughson opined that plaintiff "present[ed] with multiple problems *around* a longstanding history of severe alcoholism," and that her functioning had been "also very negatively affected in recent years by serious of life stressors" beyond such alcohol abuse. AR 334 (emphasis added). Also as noted above, Dr. Hughson further opined that plaintiff's long-term prognosis was guarded "given the severity *and complexity* of her problems." *Id.* (emphasis added). This strongly indicates that Dr. Hughson based the significant functional limitations she assessed on a combination of plaintiff's various issues, and that at least some of those limitations might continue to interfere with plaintiff's ability to function to one extent or another even absent alcohol use. Whether such continuing limitations would still be sufficiently severe as to prevent her from working or result in an RFC that is more restrictive than found by the ALJ remains to be seen on remand.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER - 6

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain as to whether plaintiff's DAA is a contributing factor material to the finding of disability, remand for further consideration of that issue is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 1st day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7